AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JOSEPH TRUBY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TRUBY<br><br>    Plaintiff,<br><br>v.<br><br>DANIAL GEOZIPH dba VALLEY MART DELI; HANAA DANDOUCH dba VALLEY MART DELI<br><br>    Defendants. | CASE NO. 24-1460<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES REGARDING DENIAL OF SERVICE DOG AND HANDLER TO EQUALLY USE AND ENJOY PUBLIC ACCOMMODATION:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff JOSEPH TRUBY complains of Defendants DANIAL GEOZIPH dba VALLEY MART DELI; HANAA DANDOUCH dba VALLEY MART DELI and alleges as follows:

1.    **INTRODUCTION:** On or about April 28, 2024, Defendants denied disabled Plaintiff Joseph Truby denied services and admittance to their store and deli because he is a disabled individual who uses a task trained service dog to

1

ameliorate his disability.  Despite the fact that Plaintiff informed Defendants that his dog is a trained service dog, Defendants told Plaintiff to get out of the store and claimed that his service dog was "a fake service dog."  Then, Defendants told Plaintiff that if he tried to buy anything at the Valley Deli Mart they would "charge him double." This made Plaintiff feel like a second-class customer and unable to equally enjoy the store like everyone else.  Despite the vitriol that Defendants were spewing at Plaintiff, Plaintiff's service dog Boaz remained calm and performed his tasks as necessary.  At no time did Defendants inquire as to the tasks that Boaz is trained to perform for Plaintiff's disability.

2.     Defendants refused to serve Plaintiff and allow him to shop at the Valley Deli Mart located at 19980 Grand Street, Suite A, Lake Elsinore, California, with his service dog. As a result, Plaintiff was denied service by Defendants because of his disability because he needs his service dog to equally enjoy the premises compared with non-disabled persons. Plaintiff was devastated by his interactions with Defendants.

3.     The Defendants' decision to bar Plaintiff from entry because of his service dog contravenes the ADA's mandate to allow disabled persons equal enjoyment of the facility and the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/ (emphasis added).

4.      On April 28, 2024, Defendants refused to allow Plaintiff to serve Plaintiff due to the presence of his task trained service dog despite that his service dog was under his control, task trained, and is housebroken.  Further, Defendants did not cite either of those as reasons for refusing service to Plaintiff.  Defendants simply told Plaintiff that they did not believe his service dog was not a "real" service dog and threatened him if he did not leave.  Defendants also did not offer Plaintiff the opportunity to make his purchases without the presence of  his service dog.

5.      Plaintiff lives very near the Valley Mart Deli, and he enjoys the sandwiches patrons can purchase there.  He intends to return to the Valley Mart Deli to make purchases in the future but cannot do so until the policies of the store are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training.  Plaintiff has brought this lawsuit to force Defendants to change their discriminatory and illegal policies and compensate him for refusing to serve him because he is a disabled person who needs the assistance of his qualified service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at the Valley Mart Deli.

6.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

7.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

8.      **INTRADISTRICT:**  This case should be assigned to the Eastern Division because the real property which is the subject of this action is located in

1  this intradistrict and Plaintiff's causes of action arose in this intradistrict.

2      9.    **PARTIES:** Plaintiff Joseph Truby is a "qualified" disabled person

3  who uses the assistance of a service dog to ameliorate his disability. Plaintiff

4  suffers from major depressive disorder, panic disorder, post-traumatic stress

5  disorder, and hypertension. Many of Plaintiff's disabilities stem from a long period

6  of incarceration during his youth. During his time in prison was exposed to

7  violence which has caused many of his disabling conditions. He suffers from

8  paranoia and hypervigilance which make it extremely difficult for him to be out in

9  public, particularly in crowded places. Plaintiff has a lot of difficulty waiting in

10  lines, such as at checkout counters at a grocery store, due to his fear that someone

11  could attack him from behind. When waiting in lines or being in crowded places,

12  Plaintiff experiences extreme anxiety, nausea and a significant rise in blood

13  pressure. Since Plaintiff suffers from heart disease and hypertension, significant

14  rises in blood pressure are dangerous to his health, and he must attempt to control

15  those symptoms quickly.

16      10.    Plaintiff relies upon his service dog, a Mastiff/American Pitbull Terrier

17  mix named "Boaz" to assist him with certain tasks including alerting him to the

18  onset of panic and PTSD symptoms so that he can work to calm himself with

19  assistance from Boaz before his blood pressure rises to dangerous levels. Boaz is

20  also trained to create space for Plaintiff in crowds, notify Plaintiff when people

21  approach him from behind, provide a barrier between Plaintiff and the person

22  behind him when standing in lines, and administer deep pressure therapy. All of

23  these tasks Plaintiff has trained Boaz to do on command and are not behaviors that

24  Boaz has engaged in naturally or without training. Boaz was individually trained to

25  be a service dog by Plaintiff, and they have been working together for four years.

26  Additionally, Plaintiff continues to reinforce the training with Boaz daily. Plaintiff

27  is a qualified person with a disability as defined under federal and state law who is

28  substantially limited in the major life activities of interacting with other people,

regulating emotions (including issues with hyperarousal), and being out in public places.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).  A Photo depicting Boaz similar to as he appeared on the date of the incident is below:



11.     Defendants DANIAL GEOZIPH dba VALLEY MART DELI; HANAA DANDOUCH dba VALLEY MART DELI, are and were at all times relevant to this Complaint the owners, operators, lessors and/or lessees of the subject business located at 19980 Grand Street, Suite A, Lake Elsinore, California, known as the Valley Mart Deli ("The Store").

12.     The Store is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil

Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

13.   **FACTUAL STATEMENT:**  Plaintiff Joseph Truby has been working with his service dog Boaz for approximately four years.  Boaz is a Mastiff/American Pitbull Terrier mix who was individually trained by Plaintiff to be a service dog.  Plaintiff has also trained and continues to train Boaz to serve his specific needs throughout their relationship.  Boaz is specifically trained to assist Plaintiff by alerting him to the onset of panic and PTSD symptoms so that he can work to calm himself with assistance from Boaz before his blood pressure rises to dangerous levels.  Boaz is also trained to create space for Plaintiff in crowds, notify Plaintiff when people approach him from behind, provide a barrier between Plaintiff and the person behind him when standing in lines, and administer deep pressure therapy.

14.   Plaintiff grew up on a farm with lots of animals including dogs.  He has significant experience training dogs throughout his life, and he felt confident in training Boaz to perform tasks for him with the assistance of online references for support.  Plaintiff used positive reinforcement with both treats and praise to train Boaz.  For example, he began training Boaz to calm him during PTSD episodes by bringing him close to him whenever he experienced symptoms of PTSD and anxiety, so Boaz began to recognize the signs of stress in Plaintiff. Plaintiff then began rewarding Boaz for staying with him and attentive to him until Plaintiff calmed down.  Once Boaz got used to staying with him while he was experiencing symptoms, Plaintiff began using the command of snapping his fingers to get Boaz to come to him when he was experiencing symptoms. Ultimately, Boaz learned to recognize the onset of symptoms in Plaintiff without the snap.  Now Boaz can alert Plaintiff when he gets upset by pawing or nosing him.

15.   Plaintiff trained Boaz to create a barrier for him in lines and alert him to people coming up behind him with the assistance of his wife.  They practiced this task by having his wife approach Plaintiff from behind and rewarding Boaz when

6

he alerted Plaintiff of her presence with a nudge. Then Plaintiff trained Boaz to stand back-to-back with him while his wife stood behind him to simulate standing in a line, rewarding Boaz for performing the task. Now Boaz is able to do these tasks automatically when out in public.

16. Boaz is a working dog; he is not a pet. Boaz wears a vest identifying him as a service dog. Plaintiff and Boaz have trained extensively together, and they supplement that training daily. Plaintiff takes Boaz everywhere with him in public. It is important they stay together as much as possible because (a) Boaz provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond. With few exceptions, where Plaintiff goes, Boaz goes.

17. On or about April 28, 2024, Plaintiff went to the Valley Mart Deli located at 19980 Grand Avenue A, Lake Elsinore, California to purchase a sandwich and a drink. Plaintiff was accompanied by his friend Chris and his service dog Boaz on the trip. Plaintiff's friend Chris drove them to the Valley Mart Deli in his vehicle.

18. When they arrived at the Valley Mart Deli, Plaintiff, Boaz and Chris exited the vehicle and went inside. Boaz was wearing a vest which identified him as a service dog. The vest had a handle on the back which Plaintiff was holding.

19. When Plaintiff and Boaz entered the Valley Mart Deli one of Defendants' employees aggressively told Plaintiff that he could not enter the Store with his dog. Plaintiff told Defendants' employee that his dog is a service dog and is therefore allowed to accompany him into the Store.

20. Defendants' employee turned to another employee who was standing nearby and derisively said "that's not a *real* service dog." Then Defendants' employee turned to Plaintiff and told him to "get that dog out of here!" Plaintiff reiterated that Boaz is his service dog and tried to explain that according to the ADA he is entitled to have his service dog accompany him inside the store, but

7

Defendants' employee cut him off and yelled at him, "Are you going to challenge me?"

21.    Plaintiff was taken aback, but he again reiterated that Boaz is his service dog and is allowed inside the store.  Defendants' employee ordered Plaintiff to leave the store.  Then, Defendants' employee pointed to the other employee and told Plaintiff that he had almost been bitten by a service dog earlier that day. Plaintiff retorted that if the dog almost bit someone than it likely was not a service dog, but stated clearly that his dog is a trained service dog.

22.    Defendants' employee yelled at Plaintiff to get out of the store.  When Plaintiff hesitated, Defendants' employee then told Plaintiff that if he did not leave immediately, he would charge Plaintiff double for any items he attempted to purchase.

23.    Plaintiff was shocked at Defendants' employees' reaction.  Boaz was well behaved the entire time they were inside the Valley Mart Deli.  However, it was clear to Plaintiff that Defendants' employees were not going to allow him to make any purchases, so he and his friend left to find a different place to eat lunch.

24.    Plaintiff wishes to return to patronize the Valley Mart Deli as it is very close to his home, and he enjoys the sandwiches served there. However, Plaintiff cannot return to the Valley Mart Deli until *after* Defendants have implemented proper service animal policies and training of its staff.  Plaintiff is deterred from returning to the Store until these policies and training are in place.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 USC §§ 12101 *et seq.*)

25.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 24, above, and incorporates them herein by reference as if separately repled hereafter.

26.    In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans

8

with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

27.    The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

28.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

29.     Valley Mart Deli is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(B) and (E).

30.    The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

31.    Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all

areas where members of the public are allowed to go." ADA 2010 Revised

Requirements, www.ada.gov/service -animals-2010.htm Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

32.     Defendants have a policy and practice of denying treatment and services to patrons with service animals at the Valley Mart Deli. This is contrary to the ADA. The Department of Justice issued guidance on the subject of "Service Animals." In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence**.**

DOJ 2010 "Service Animal" guidance available at

https://www.ada.gov/resources/service-animals-2010-requirements/ (emphasis added).

33.     On information and belief, as of the date of Plaintiff's most recent visits to Valley Mart Deli on or about April 28, 2024, Defendants continue to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of Plaintiff's disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendants' premises, in violation of the ADA.

34.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

35.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility are one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other establishment serving food or drink"  (42 USC § 12181(7)(B) as well as any "grocery store" (42 USC § 12181(7)(E)).

36.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

37.    The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

38.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies,

and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

39.    Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Valley Mart Deli and discriminated and continue to discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

40.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

[i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

41.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 12188(a) of the ADA who

1    is being subjected to discrimination on the basis of disability in violation of Title III

2    and who has reasonable grounds for believing he will be subjected to such

3    discrimination each time that he may use the property and premises, or attempt to

4    patronize Valley Mart Deli, in light of Defendants' policies barriers.

5           WHEREFORE, Plaintiff prays for relief as hereinafter stated.

6                          **SECOND CAUSE OF ACTION:**
     **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH**
7    **ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS**
     **WITH DISABILITIES ACT AS INCORPORATED**
8                     **BY CIVIL CODE SECTION 51(f)**

9           42.    Plaintiff re-pleads and incorporates by reference, as if fully set forth

10   again herein, the allegations contained in Paragraphs 1 through 41 of this

11   Complaint and incorporates them herein as if separately re-pleaded.

12          43.    At all times relevant to this action, the Unruh Civil Rights Act,

13   California Civil Code § 51(b), provided that:

14          All persons within the jurisdiction of this state are free and equal, and
            no matter what their sex, race, color, religion, ancestry, national origin,
15          disability, or medical condition are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services in all
16          business establishments of every kind whatsoever.

17          44.    California Civil Code section 52 provides that the discrimination by

18   Defendants against Plaintiff on the basis of disability constitutes a violation of the

19   general anti-discrimination provisions of sections 51 and 52.

20          45.    Each of Defendants' discriminatory acts or omissions constitutes a

21   separate and distinct violation of California Civil Code section 52, which provides

22   that:
            Whoever denies, aids or incites a denial, or makes any discrimination
23          or distinction contrary to section 51, 51.5, or 51.6 is liable for each and
            every offense for the actual damages, and any amount that may be
24          determined by a jury, or a court sitting without a jury, up to a maximum
            of three times the amount of actual damage but in no case less than four
25          thousand dollars ($4,000), and any attorney's fees that may be
            determined by the court in addition thereto, suffered by any person
26          denied the rights provided in Section 51, 51.5, or 51.6.

27          46.    Any violation of the Americans with Disabilities Act of 1990

28   constitutes a violation of California Civil Code section 51(f), thus independently

justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

47.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory and compensatory to Plaintiff, according to proof.

48.     **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

49.     Plaintiff suffered damages as above-described as a result of Defendants' violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**THIRD CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC
FACILITIES  IN A PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

50.     Plaintiff re-pleads and incorporates by reference, as if fully set forth

hereafter, the factual allegations contained in Paragraphs 1 through 49 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

51.     Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

52.     Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with to "accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices…or other places to which the general public is invited."  Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

53.     Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

54.     Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2."  This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

55.     Defendants are also in violation of California Penal Code section 365.5(b) which states:

No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

56. Valley Mart Deli is a public accommodation within the meaning of the CDPA. On information and belief, Defendants are the owners, operators, lessors or lessees of the public accommodation.

57. Defendants made the decision to knowingly and willfully exclude Plaintiff and his service dog from their public accommodation and thereby deny Plaintiff's his right of entrance into their place of business with his service dog. As a result of that decision Plaintiff has faced the continuing discrimination of being essentially barred from entering this public accommodation and place of business based upon Defendants' exclusion of Plaintiff's legally protected use of his service dog. Plaintiff has continued to suffer denial of access to these facilities, and he faces the prospect of unpleasant and discriminatory treatment should he attempt to return to these facilities. Plaintiff is unable to return to the Valley Mart Deli until he receives the protection of this Court's injunctive relief, and he has continued to suffer discrimination on a daily basis since April 28, 2024, all to his statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

58. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled and who require the assistance of service animals from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-

class citizen and serve to discriminate against him on the sole basis that Plaintiff is a person with disabilities who requires the assistance of a service animal.

59. Plaintiff wishes to return to patronize Valley Mart Deli but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize the Valley Mart Deli and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

60. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendants' inaccessible policies. As to the Defendants that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons and those associated with them, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

61. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

62.   **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize the Valley Mart Deli and will continue to cause him damages each day these barriers to access and policy barriers continue to be present.

63.   Although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendants' behavior was intentional. Defendants was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.  Defendants' establishment of their discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights and safety.

64.   **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce

provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

65.    Plaintiff suffered damages as above described as a result of Defendants' violations.  Damages are ongoing based on their deterrence from returning to the Valley Mart Deli.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

### PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Joseph Truby prays for judgment and the following specific relief against Defendants:

1.    An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

    a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.  To modify its policies and practices to accommodate service dog users

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   in conformity with federal and state law, and to advise Plaintiff that his
2   service dog will not be excluded should he desire to enter and
3   patronize the Valley Mart Deli;

4   c.   That the Court issue preliminary and permanent injunction directing
5   Defendants as currents owners, operators, lessors, and/or lessees
6   and/or its agents of the subject property and premises to modify the
7   above described property, premises, policies and related policies and
8   practices to provide full and equal access to all persons, including
9   persons with disabilities; and issue a preliminary and permanent
10   injunction pursuant to ADA section 12188(a) and state law directing
11   Defendants to provide facilities usable by Plaintiff and similarly
12   situated persons with disabilities and which provide full and equal
13   access, as required by law, and to maintain such accessible facilities
14   once they are provided and to train Defendants' employees and agents
15   in how to recognize disabled persons and accommodate their rights
16   and needs;

17   d.   An order retaining jurisdiction of this case until Defendants have fully
18   complied with the orders of this Court, and there is a reasonable
19   assurance that Defendants will continue to comply in the future absent
20   continuing jurisdiction;

21   2.   An award to Plaintiff of statutory, actual, general, and punitive
22   damages in amounts within the jurisdiction of the Court, all according to proof;

23   3.   An award of civil penalty as against Defendants under California Penal
24   Code § 365.5(c);

25   4.   An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a,
26   California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5,
27   and as otherwise permitted by law, of the costs of this suit and reasonable attorneys'
28   fees and litigation expenses;

5.     An award of prejudgment interest pursuant to Civil Code § 3291;

6.     Interest on monetary awards as permitted by law; and

7.     Grant such other and further relief as this Court may deem just and proper.

Date: July 12, 2024                REIN & CLEFTON

                                   ___*/s/ Aaron M. Clefton*___
                                   By AARON M. CLEFTON, Esq.
                                   Attorneys for Plaintiff
                                   JOSEPH TRUBY

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: July 12, 2024                REIN & CLEFTON

                                   ___*/s/ Aaron M. Clefton*___
                                   By AARON M. CLEFTON, Esq.
                                   Attorneys for Plaintiff
                                   JOSEPH TRUBY

22