Docusign Envelope ID: D6362459-6F0B-4B42-AED7-00DA4689BCE1

AARON M. CLEFTON, Esq.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C #336
Telephone:  510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
JOSEPH TRUBY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TRUBY,<br><br>    Plaintiff,<br><br>    v.<br><br>HANAA DANDOUCH dba VALLEY MART DELI; IYAD DANDOUCH dba VALLEY MART DELI;<br><br>    Defendants. | Case No. 5:24-cv-01460-MAA<br>Civil Rights<br><br>**COURT ENFORCEABLE SETTLEMENT AGREEMENT AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF AND DAMAGES ONLY**<br><br>Action Filed: July 12, 2024 |

1.     Plaintiff JOSEPH TRUBY filed a Complaint in this action on July 12, 2024, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants DANIAL GEOZIPH dba VALLEY MART DELI; HANAA DANDOUCH dba VALLEY MART DELI. Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to patrons and their service dogs at the Valley Mart Deli located at 19980 Grand Ave, Suite A, Lake Elsinore, CA 92530.

Docusign Envelope ID: D6362459-6F0B-4B42-AED7-000A4689BCE1
Case 5:24-cv-01460-MAA     Document 47     Filed 04/11/25     Page 2 of 17     Page ID #:215

2. Defendants expressly deny liability for these allegations.

3. However, in order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff JOSEPH TRUBY and Defendants DANIAL GEOZIPH dba VALLEY MART DELI; HANAA DANDOUCH dba VALLEY MART DELI, (together sometimes the "Signing Parties") agree to entry of this Court Enforceable Settlement Agreement and Order to resolve all claims regarding injunctive relief and damages raised in the Complaint without the need for protracted litigation. Accordingly, the Signing Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief and damages only. The issues of attorney's fees, litigation expenses, and costs are reserved for further settlement negotiations or motion to the Court.

4. The parties jointly request that the Court approve the terms of this settlement and retain jurisdiction to determine the remaining issue of attorney fees should that be necessary.

**JURISDICTION:**

5. The Signing Parties to this Court Enforceable Settlement Agreement and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

6. In accordance with the provisions of 28 U.S.C. section 636(c) the Parties voluntarily consent to have a United States magistrate judge conduct all proceedings.

- 2 -
CESA AND [PROPOSED] ORDER
Case No. 5:24-cv-01460-MAA

WHEREFORE, the Signing Parties to this Court Enforceable Settlement Agreement hereby agree and stipulate to the Court's entry of this Court Enforceable Settlement Agreement and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

7. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

8. The Signing Parties agree and stipulate that any policies adopted shall be carried out in compliance with the standards and specifications for disabled access federal and state accessibility, unless other standards are specifically agreed to in this Court Enforceable Settlement Agreement and Order.

   a. **Policy Based Remedial Measures and Administrative Procedures:**
      
      i. Defendants shall adopt the Service Animal Policy attached as **Exhibit A** at the Valley Mart Deli.
      
      ii. Defendants agree to allow Plaintiff back into the Valley Mart Deli with his service dog.
      
      iii. Defendants agrees that within 30 days from the date of filing this document with the Court, Defendants will: Inform all staff of the new service animal policy attached as **Exhibit A** and offer reasonable accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations. Defendants agree to make reasonable accommodations in their policies and practices when interacting with disabled patrons. Defendants shall provide this new policy in all new

- 3 -

|   |   |   |
|---|---|---|
| | | hire onboarding training and include it annual refresh trainings. |
| | iv. | Defendants shall maintain their accessible Service Animal Policy by training any new employees regarding it, and keeping this policy as part of their employee handbook and/or training manual. |
| | b. | **Timing:** All policy measures will be implemented within 30 days of filing of this document.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay.  Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice.  If the Signing Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court pursuant to the Americans with Disabilities Act and the remedies available thereunder. |
| | c. | Defendants or defense counsel will notify Plaintiff's counsel when the policy is implemented. |

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

9.     Defendants agree to pay Plaintiff a total of Eight Thousand Two Hundred Fifty Dollars ($8,250) for Plaintiff's damages of any kind whatsoever in his Complaint.  The damages shall be paid by wire transfer within 21 days of the Court signing this Agreement to Plaintiff's Counsel's trust account payable

to "AARON CLEFTON IN TRUST FOR JOSEPH TRUBY." Plaintiff's counsel shall provide specific wiring instructions separately and a W9 separately.

10. Defendants shall pay Plaintiff reasonable attorney fees, litigation expenses, and costs pursuant to statute in an amount to be determined by either separate settlement or by the Court, upon Plaintiff's motion for attorney's fees. Defendants agrees to pay for any fees incurred by Plaintiff on the motion if such is awarded by the Court. Any necessary attorney's fees motion shall be filed within 60 days of the Court signing this Court Enforceable Settlement Agreement notwithstanding any superseding local rules regarding the deadline for filing a fee motion. Any attorney fees and costs shall be paid by wire transfer to Plaintiff's Counsel's trust account payable to "AARON CLEFTON IN TRUST FOR JOSEPH TRUBY" and shall wired to Plaintiff's counsel's IOLTA trust account on within 30 days after the Court issues an Order on the attorney fees dispute. If the fees are settledby separate settlement agreement, the parties shall include a reasonable timing of payment term to be negotiated. The parties request the Court retain jurisdiction until all attorney fees and costs have been paid to enforce settlement of that term, regardless of whether determined by motion or private settlement.

**ENTIRE COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER:**

11. This Court Enforceable Settlement Agreement and Order constitute the entire agreement between the Signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Signing Parties or agents of any of the Signing Parties that is not contained in this written Court Enforceable Settlement Agreement and Order, shall be enforceable regarding the matters of injunctive relief described herein, unless

agreed to in writing.

**COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER BINDING ON SIGNING PARTIES AND SUCCESSORS IN INTEREST:**

12. This Court Enforceable Settlement Agreement and Order shall be binding on Plaintiff, Defendant, and any successors-in-interest. Defendants have a duty to notify all such successors-in-interest of the existence and terms of this Court Enforceable Settlement Agreement and Order during the period of the Court's jurisdiction of this Court Enforceable Settlement Agreement and Order.

13. Except for all obligations required in this Court Enforceable Settlement Agreement and Order each of the Signing Parties to this Court Enforceable Settlement Agreement and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

14. Each of the Signing Parties to this Court Enforceable Settlement Agreement and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Court Enforceable Settlement Agreement and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Court Enforceable Settlement Agreement and Order is signed. Except for all obligations required in this Court Enforceable

- 6 -

Settlement Agreement and Order, the Signing Parties intend that this Court Enforceable Settlement Agreement and Order apply to all such further loss with respect to the lawsuit, except those caused by the Signing Parties subsequent to the execution of this Court Enforceable Settlement Agreement and Order. Therefore, except for all obligations required in this Court Enforceable Settlement Agreement and Order, this Court Enforceable Settlement Agreement and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Signing Parties to this Court Enforceable Settlement Agreement with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

15. Except for all obligations required in this Court Enforceable Settlement Agreement and Order each of the Signing Parties to this Court Enforceable Settlement Agreement and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER:**

16. This Court Enforceable Settlement Agreement and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Court Enforceable Settlement Agreement and Order by the Court.

**SEVERABILITY:**

17. If any term of this Court Enforceable Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Court Enforceable Settlement Agreement and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND SIGNING PARTIES:**

18. Signatories on the behalf of the Signing Parties represent that they are authorized to bind the Signing Parties to this Court Enforceable Settlement Agreement and Order. This Court Enforceable Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**NON-DISPARAGEMENT AFTER EXECUTION:**

19. Parties hereby agree that after execution of this Court Enforceable Settlement Agreement and at all times thereafter, both Parties shall not make any public statement, or engage in any conduct, disparaging to the other, except as required in response to a court order or subpoena, after giving prior notice to the other Party and sufficient time for that Party to object to such disclosure, if possible; or as otherwise required by law;. For the purpose of this Section, "disparage" shall mean any negative statement, whether written or oral, about one another. The parties agree not to disparage each other in any manner harmful to the Parties reputation.

1  
2  Dated: 4/7/2025 , 2025          PLAINTIFF JOSEPH TRUBY  
3  
4                                   _____  
5                                   JOSEPH TRUBY  
6  Dated: _ _____, 2025         DEFENDANT HANAA DANDOUCH  
7  
8  
9                                   _____  
10 Dated: _____, 2025          DEFENDANT IYAD DANDOUCH  
11  
12  
13                                  _____  
14  
15 Approved as to form:  
16 Dated: 4/7/2025 , 2025           CLEFTON DISABILITY LAW  
17  
18                                   _____  
   By: AARON M. CLEFTON, ESQ.  
19 Attorneys for Plaintiff  
   JOSEPH TRUBY  
20  
21  
22 Dated: _____, 2025          EDWARD W. O'CONNELL, JR., Attorney at Law  
23  
24                                  _____  
   EDWARD W. O'CONNELL, ESQ.  
25 Attorneys for Defendants  
   HANAA DANDOUCH and  
26 IYAD DANDOUCH  
27  
28

| | |
|---|---|
| Dated: _____, 2025 | PLAINTIFF JOSEPH TRUBY |
| | |
| | _____<br>JOSEPH TRUBY |
| Dated: 4/4/2025, 2025 | *Signed by: Hanaa Dandouch*<br>DEFENDANT HANAA DANDOUCH |
| Dated: 4-9-25, 2025 | DEFENDANT IYAD DANDOUCH |

Approved as to form:

| | |
|---|---|
| Dated: _____, 2025 | CLEFTON DISABILITY LAW<br><br>_____<br>By: AARON M. CLEFTON, ESQ.<br>Attorneys for Plaintiff<br>JOSEPH TRUBY |
| Dated: April 9, 2025 | EDWARD W. O'CONNELL, JR., Attorney at Law<br><br>*Edward W. O'Connell*<br>EDWARD W. O'CONNELL, ESQ.<br>Attorneys for Defendants<br>HANAA DANDOUCH and<br>IYAD DANDOUCH |

# EXHIBIT A

*Joseph Truby v. Danial Geoziph dba Valley Mart Deli; Hanaa Dandouch dba Valley Mart Deli*

Case No. 5:24-cv-01460-MAA

I. **PURPOSE:**

    A.    To comply with requirements of the Americans with Disabilities Act (ADA), the Disabled Persons Act, the U.S. Department of Justice's revised final regulations implementing the ADA, the Unruh Civil Rights Act, and other laws and regulations related to persons with disabilities.

    B.    To ensure that **service animals** accompany visitors/patrons with disabilities in all areas of the Valley Mart Deli where public access is normally allowed.

    C.    To provide guidelines for staff of the Valley Mart Deli in Lake Elsinore, California to identify service animals when they encounter a **dog** in the course of their employment.

II. **POLICY:**

    A.    It is the policy of the Valley Mart Deli that persons with disabilities will not be discriminated against and that they will have full and equal access, services and treatment.

    B.    All patrons accompanied by a dog that is individually trained to do work or perform tasks for a disabled person must be permitted to enter all areas of the Valley Mart Deli open to the general public.

    C.    The Valley Mart Deli's staff shall use ***minimal inquiry*** when the work, service or tasks performed by the dog are not obvious and apparent.

III. **DEFINITIONS:**

    A.    **Individual with a Disability** — A person who:

        1.  Has a physical or mental impairment that substantially limits one or more major life activities;

        2.  Has a record of such an impairment; or

        3.  Is perceived by others as having such an impairment

    B.    **Service Animal** — Only dogs that are individually ***trained to do work or perform tasks*** for people with disabilities qualify as service animals. Service animals ***recognize and respond*** to needs.

        1.  Examples include, but are not limited to:

            a.  Guiding vision impaired
            b.  Alerting hearing impaired

    c. Pulling wheelchair
    d. Retrieving items
    e. Stability and ambulation
    f. Alerting or protecting person having seizure
    g. Reminding person to take medication
    h. Calming person with Post-Traumatic Stress Disorder during an anxiety attack
    i. Preventing or interrupting impulsive or destructive behavior
    j. Removing disoriented individuals from dangerous situations

  C. **Comfort / Emotional Support Dogs**

    1. **Federal Law (ADA) -** Dogs that solely provide companionship, comfort, and emotional support are *not service animals under the ADA*.

      a. Companionship, comfort and emotional support do not constitute work or tasks

    2. **California law —** Under the Unruh Civil Rights Act, the Department of Fair Employment and Housing *may* investigate denials of accommodation for access to public entities regarding comfort/emotional support dogs.

      a. Denying accommodation of a **comfort/emotional support** dog in a public entity *may* result in a complaint to the Department of Fair Housing and Employment for violation of the Unruh Civil Rights Act.

  D. **Direct Threat -** A significant risk of substantial harm to the health or safety of others that cannot be eliminated or mitigated by a reasonable modification of practices or procedures or the provision of auxiliary aids or services.

    1. Valley Mart Deli staff must complete an **individualized assessment** when determining whether the service animal poses a direct threat based upon:

      a. Reasonable judgment that relies on current medical knowledge or on the best available objective evidence;
      b. The nature, duration, and severity of the risk;
      c. Probability that the potential injury will actually occur; and
      d. Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk.

   E. **Fundamental Alteration —** A change that is so significant that it alters the nature of the facility or service offered.

*Joseph Truby v. Danial Geoziph dba Valley Mart Deli; Hanaa Dandouch dba Valley Mart Deli*

**Case No. 5:24-cv-01460-MAA**

IV. **<u>PROCEDURE:</u>**

    A.    **Permitting Service Animals** - Service animals shall be permitted in all areas of the Valley Mart Deli that are open to the public, provided the service animal does not:

        1. Pose a direct threat; or

        2. Fundamentally alter the Valley Mart Deli's operations, policies, practices or procedures.

    B.    **No Pet or Service Dog Fees –** Patrons who are accompanied by a service dog shall not be charged a fee for the use or presence of a service dog. However, patrons whose service dogs cause damage may still be charged for any damage caused to the premises.

    C.    **Excluding / Removing Service Animals -** Any decision to exclude service animals in California shall be made only after an *individualized assessment* that the animal poses a direct threat to the health or safety of others which cannot be mitigated by modifications of policies or procedures or the provision of auxiliary aids or services.

        1. The individualized assessment of direct threat shall be conducted by the manager or the most senior employee on duty at the time at the Valley Mart Deli.

        2. The individualized assessment of direct threat must be based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence to ascertain:

            a. The nature, duration, and severity of the risk;

            b. The probability that the potential injury will actually occur; and

            c. Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk

    D.    **Staff Inquiry -** When it is not obvious or apparent what service, task or work the dog performs, staff may ask two questions ***<u>only</u><u>:</u>***

        1. Is the dog a service animal required because of a disability? and

        2. What work or task has the dog been trained to perform?

Docusign Envelope ID: D6362459-6F0B-4B42-AED7-000A4689BCF1
Case 5:24-cv-01460-MAA   Document 47   Filed 04/11/25   Page 15 of 17   Page ID #:228

*Joseph Truby v. Danial Geoziph dba Valley Mart Deli; Hanaa Dandouch dba Valley Mart Deli*

Case No. 5:24-cv-01460-MAA

   a. Under the ADA, staff must rely upon the patron's word that the dog is a service animal and the description of the service, task or work it performs.

   b. Staff must utilize the chain of command if there is concern that the service animal poses a direct threat or would fundamentally alter the Valley Mart Deli and services provided;

E. **Staff must not**:

 1. Ask about the nature or extent of the person's disability;

 2. Require documentation to support service animal status (e.g., ID card, proof of certification and training);

 3. Require a fee for the presence of a service dog;

 4. Ask dog to demonstrate ability to perform service, task or work;

 5. Refuse access based upon allergies and fear of dogs;

 6. Treat patrons with service animals less favorably (e.g. relegating them to certain areas of the restaurant, such as the patio or charging them more to purchase items from a store);

 7. Pet the service animal (may distract from assigned tasks);

 8. Feed, clean, toilet or care for the service animal;

 9. Ask patron to remove service animal from premises, **_unless_** an individualized assessment of direct threat has been completed *(See* Sections B, C, G).

F. **Requirements for Service Animals** — Service animals must be under the handler's control at all times via at least one of the following:

 1. Harness

 2. Leash

 3. Tether

 4. Voice control

 5. Motion / signal control

    6. Other effective controls

    7. **Exception** — The devices listed above need not be used if they:

        a. Interfere with the service animal's work; or
        b. Person's disability prevents using these devices

G. **Legitimate Reasons for Removing the Service Animal**

    1. The dog poses a direct threat to the health or safety of patrons and/or staff that cannot be eliminated by a reasonable modification the Valley Mart Deli's policies, practices, or procedures or the provision of auxiliary services;

    2. The dog fundamentally alters the nature of alter the nature of the goods, services, facilities, privileges, advantages, or accommodations the Valley Mart Deli provides to the public;

    3. The dog is out of control and handler does not take effective action to control it;

        a. Disruption (barking, running, jumping);
        b. Aggressive behavior (biting, lunging);

    4. The dog is not housebroken

    5. The dog has poor hygiene

    6. The dog is ill.

H. **Miniature Horses (MH)**

    1. Under the ADA, a miniature horse must be accommodated as a service animal where reasonable and if *individually trained to do work or perform tasks* for people with disabilities.

    2. The Valley Mart Deli manager or the most senior employee on duty at the time the Valley Mart Deli must complete an *individualized assessment* to determine whether s can be accommodated. The four (4) assessment factors are:

        a. Whether the MH is housebroken;
        b. Whether the MH is under the owner or handler's control;
        c. Whether the facility can accommodate the MH's type, size and weight; and
        d. Whether the MH's presence will not compromise legitimate safety requirements necessary for safe operations.

Docusign Envelope ID: D6362459-6F0B-4B42-AED7-000A4689BCF1

*Joseph Truby v. Danial Geoziph dba Valley Mart Deli; Hanaa Dandouch dba Valley Mart Deli*

**Case No. 5:24-cv-01460-MAA**

## V. COMPLIANCE

    A.    Newly hired members of the workforce at the Valley Mart Deli shall be given a copy of this policy and trained on its implementation.

    B.    All workforce members at the Valley Mart Deli are responsible for ensuring that individuals comply with this policy;

    C.    Violations of this policy will be reported to Valley Mart Deli's Manager. Violations will be investigated to determine the nature, extent, and potential risk to the Valley Mart Deli. Workforce members who violate this policy will be subject to the appropriate disciplinary action up to and including termination.